IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATE MILLER and DANIEL MILLER, individually and as P/N/G of AIDEN MILLER, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> ADRENALINE AMUSEMENTS, INC., <br><br> Defendant/Third-Party Plaintiff, <br><br> vs. <br><br> CEC ENTERTAINMENT, INC., <br><br> Third-Party Defendant. | Case No.  21-cv-04603-GJP |

**DEFENDANT, ADRENALINE AMUSEMENTS, INC.'S
THIRD-PARTY COMPLAINT AGAINST CEC ENTERTAINMENT, INC.**

NOW COMES Defendant, Adrenaline Amusements, Inc. (hereinafter "Adrenaline" or "Defendant"), by and through its attorneys, WALKER WILCOX MATOUSEK LLP, and for its Third-Party Complaint against CEC ENTERTAINMENT, INC., states as follows:

**FACTS COMMON TO ALL COUNTS**

1. Defendant/Third-Party Plaintiff Adrenaline Amusements, Inc. is a foreign corporation with its principal place of business located at 2273 Rue Antonio Heroux, Terrebonne, QC, Canada J6X 4R3.

2. Third-Party Defendant CEC Entertainment, Inc. ("CEC") is a domestic corporation with its principal place of business located at 1707 Market Place Boulevard, Suite 200, Irving, TX 75063.

3. CEC and its franchisees operate a system of more than 600 Chuck E. Cheese with locations in 47 states and 16 foreign countries and territories.

4. CEC owns, operates, manages, and maintains a Chuck E. Cheese restaurant located at 9 Snyder Avenue in Philadelphia, PA.

5. On August 25, 2021, Plaintiffs, Mary Kate Miller, individually and as P/N/G of Aiden Miller, a minor, (collectively "Plaintiffs") filed a Complaint with the Court of Common Pleas of Philadelphia County, which was removed to the Eastern District of Pennsylvania.

6. On November 30, 2021, Plaintiffs filed their Second Amended Complaint, alleging that on or about June 5, 2019, Aidan Miller was at a Chuck E. Cheese restaurant located at 9 Snyder Avenue in Philadelphia, PA when a Spinner Frenzy video game machine fell on top of him, causing injuries. (Amended Cmpl., ¶ 13).

7. Plaintiffs asserted two liability theories against Adrenaline – product liability and negligence.

8. Specifically, Plaintiffs alleged that the Spinner Frenzy video game machine was defective and not reasonably safe for its ordinary and intend use because:

   a. A defect in the design of the Spinner Frenzy caused the machine to be prone to tipping over;
   b. A defect in the manufacture of the Spinner Frenzy caused the machine to be prone to tipping over;
   c. The material from which the Spinner Frenzy was constructed was not appropriate given its design and intended function/use;
   d. Defendant failed to provide any mechanism to the end user to secure its Spinner Frenzy machine to the floor;
   e. The Spinner Frenzy machine was not adequately tested and designed to ensure that it would not tip over if it was not attached to the floor;
   f. The Spinner Frenzy machine was prone to falling over during its ordinary and intended use;
   g. The Spinner Frenzy machine lacked adequate directions, instructions and/or warnings so as to enable the end user to prevent and/or remediate potential problems with the machine tipping over under the machine's normal and ordinary use;

      h.    The Spinner Frenzy lacked adequate safety mechanisms which could prevent the machine from falling over; and

      i.    After the sale of the Spinner Frenzy machine, the Defendant failed to warn its intended users, such as Plaintiffs, about the foregoing defects with the potential for the machine to tip over during its ordinary and intended use.

(Amended Cmpl., Count I, ¶ 20).

9.    Plaintiffs alleged that Adrenaline was negligent for the following reasons:

    a.    Failing to exercise ordinary care in the design of the Spinning Frenzy machine;

    b.    Improperly placing the machine in a position that enabled it to fall onto Plaintiff, which resulted in injuries to Plaintiff;

    c.    Failing to provide any mechanism to secure the subject machine to the floor;

    d.    Improperly selecting materials that could not properly and/or adequately secure the machine to the surrounding area;

    e.    Failing to ensure proper quality of the material that would keep the machine secured in place;

    f.    Failing to adequately test the Spinner Frenzy machine so as to ensure adequate durability and safety of the machine during its ordinary and intended use;

    g.    Failing to provide adequate directions, instructions and/or warnings so as to enable the end user to identify, prevent and/or remediate safety issues associated with the Spinner Frenzy machine such as the machine tipping over during its ordinary use;

    h.    After the sale of the Spinner Frenzy machine, failing to warn intended users about defects associated with the machine tipping over;

    i.    Failing to properly inspect, service and/or maintain the Spinner Frenzy machine;

    j.    Failing to properly train or supervise employees and/or agents who inspected, repaired, serviced and maintained the Spinner Frenzy machine;

    k.    Failing to properly train or otherwise instruct end users about the use, maintenance and/or operation of the Spinner Frenzy machine to prevent the machine from tipping over;

    l.    Failing to provide adequate instructions regarding the proper use of the Spinner Frenzy to prevent injuries to Plaintiff and others similarly situated; and

    m.    Having the machine rest solely on four level adjustors.

(Amended Cmpl., Count II, ¶ 28).

10.    Pursuant to Fed. R. Civ. P. 14(a), any time after commencement of an action, a Defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of

the plaintiff's claim against the third-party plaintiff.

11. Upon information and belief, on June 5, 2019, CEC owned, controlled, and operated the Chuck E. Cheese restaurant located at 9 Snyder Avenue in Philadelphia, PA, where Plaintiffs sustained injuries.

## COUNT I - CONTRIBUTION

12. Adrenaline incorporates Paragraphs 1 through 9 of its Third-Party Complaint as if fully set forth herein.

13. While Defendant/Third-Party Plaintiff Adrenaline denies any liability to Plaintiff, Defendant/Third-Party Plaintiff pleads in the alternative that to the extent it is found liable to Plaintiff, that liability results from the following negligent acts or omissions by the CEC:

    a. Failed to appropriately install the Spinner Frenzy machine;

    b. Failed to lower the four leg levelers to the ground in order to stabilize the Spinner Frenzy Arcade Machine;

    c. Failed to appropriately maintain the Spinner Frenzy machine; and

    d. Other acts of negligence as disclosed in the course of future discovery.

14. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Third-Party Defendant, CEC, Plaintiffs claim to have sustained injuries.

15. In the event of a judgment against Defendant/Third-Party Plaintiff Adrenaline, liability for which is expressly denied, the Defendant/Third-Party Plaintiff Adrenaline is entitled to contribution from Third-Party Defendant in an amount commensurate with CEC's respective degree of fault in causing Plaintiff's injury.

WHEREFORE, Defendant/Third-Party Plaintiff Adrenaline Amusements, Inc., respectfully requests that, in the event a judgment is entered against Defendant/Third-Party

Plaintiff Adrenaline Amusements, Inc., the Court enter judgment against Third-Party Defendant CEC Entertainment, Inc. in such an amount commensurate with the degree of fault attributable to CEC Entertainment, Inc. and any other relief the Court deems just and appropriate.

Date:  December 10, 2021                                         Respectfully Submitted,

/s/ Kyle T. Geiger
Kyle T. Geiger (admitted *pro hac*)
Attorney for Defendant
Adrenaline Amusements, Inc.
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
(312)244-6700
kgeiger@walkerwilcox.com

and

/s/ Andrew J. Gallogly
Andrew J. Gallogly
PA Atty. I.D. No. 34554
Attorney for Defendant,
Adrenaline Amusements, Inc.
MARGOLIS EDELSTEIN
The Curtis Center, Suite 400 East
170 S. Independence  Mall West
Philadelphia, PA 19106-3337
(215) 931-5866
agallogly@margolisedelstein.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of December, 2021, the foregoing was filed electronically. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system to all parties entitled to notice.

/s/ Kyle T. Geiger