IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATE MILLER, et. al., *Plaintiffs,* v. ADRENALINE AMUSEMENTS, INC., *Defendant,* v. OLD CLAIMCO, LLC *Third-Party Defendant.* | CIVIL ACTION NO. 21-4603 |

**PAPPERT, J.**                                                                                                        February 22, 2023

### MEMORANDUM

Plaintiffs filed a Petition for Leave to Settle or Compromise Minor's Action in this personal injury case. (ECF 30.) The Motion is unopposed, and the Court approves the proposed settlement and its allocation and distribution.

I

This case arises out of a 2019 accident involving one of Adrenaline Amusements, Inc.'s, arcade machines. A.M., then seven years old, was at a Chuck E. Cheese with his family when the machine tipped over and fell on him, pinning him to the ground and fracturing his pelvis. He underwent considerable physical therapy to regain mobility and has been treated for post-traumatic stress disorder stemming from the accident. A.M.'s parents asserted product liability and negligence claims against Adrenaline contending, *inter alia*, the machine was defectively designed, in that it was prone to

1

tipping over, and that Adrenaline failed to warn ultimate end users about this unreasonably dangerous condition. Adrenaline, in turn, sued Old Claimco, LLC, an entity affiliated with Chuck E. Cheese, alleging contributory negligence. (ECF 16.) Old Claimco asserted affirmative defenses and filed a cross-claim to protect its right to contribution and/or indemnity. (ECF 22.)

Adrenaline and Old Claimco agreed to settle all claims for $250,000. Plaintiffs seek the following allocation: (1) $7,734.05 to Fine and Staud, LLC for litigation costs; (2) $70,257.13 (twenty-nine percent of net settlement) to Brad Krupnick, Esquire for attorneys' fees; (3) $5,143.62 to the Pennsylvania Department of Human Services as a lien reimbursement and (4) $166,865.18 to MetLife Assignment Company, Inc., for the purchase of a qualified annuity payable to A.M. (Pet. for Leave to Settle pp. 5–7.) The annuity is to be distributed on a specified payment schedule beginning when A.M. reaches the age of majority. (*Id.*)

## II

### A

"[I]n considering whether to approve [the] settlement, the Court is charged with protecting the best interests of the minor." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000). Relevant to the fairness analysis are the nature and extent of the minor's injuries, the minor's future treatment needs, and anticipated future expenses. *See Lee v. Victoria's Secret, LLC*, No. 10-3662, 2012 WL 628015, at *2 (E.D. Pa. Feb. 27, 2012). "Questions of causation and proof are also relevant to the analysis." *Id.* When determining the "fair value of the lawsuit," the Court typically gives "considerable weight" to the judgment of counsel and the parties. *Matter of*

*McLean Contracting*, No. 14-5676, 2017 WL 261855, at *1 (E.D. Pa. June 16, 2017) (citation omitted).

  Here, experienced counsel negotiated the $250,000 settlement at arm's length and in good faith with the assistance of a mediator. (*See* Pet. for Leave to Settle ¶ 8.) A.M. suffered a pelvic fracture including a minimally displaced right superior pubic ramus fracture and a nondisplaced left posterior iliac wing fracture. (*Id.* at ¶ 5). While A.M. continues to experience leg pain, he is expected to fully recover over the next two years. (Dr. Levenberg's Report, ECF 30-4.) Liability is contested, and surveillance video at the time of the incident shows A.M. misusing the arcade machine. (*Id.* at ¶ 9.) Plaintiffs' Counsel believes that $250,000 represents a "fair and reasonable" settlement for A.M. and A.M.'s mother agrees, believing it adequately compensates her son. (*Id.* at ¶¶ 9, 14.)

  The Court's independent review of the case confirms the $250,000 settlement is adequate considering the lack of future medical expenses, Defendants' denial of liability and asserted affirmative defenses, including contributory negligence, and the uncertainty of a litigated outcome. *Cf. In re Hughes Estate*, 59 Pa. D. & C. 2d 680, 682 (Pa. Ct. Comm. Pl. 1972) ("We have no difficulty in approving the amount of the settlement" because the "risk of recovering something less than the amount achieved by the settlement was a serious one.").

B

  The Court must also independently review the settlement's proposed distribution. *Calvert v. Gen. Accident Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000). The annuity's proposed distribution schedule, set forth in the

Petition for Leave to Settle, serves A.M.'s best interest. Payments are to be distributed, in increasing lump sums, on A.M.'s 18th, 22nd, 25th and 30th birthdays. The qualified annuity guarantees payment amounts, and the proposed schedule ensures A.M. will see the benefits of the settlement well into the future. Counsel need not seek a Court Order approving any minor changes to the scheduled payments, should they change based on the actual purchase date of the annuity, so long as it is purchased within 180 days of November 1, 2022. *See* (Pet. for Leave to Settle ¶ 16).

C

Twenty-nine percent of the net settlement payable to A.M. ($70,257.13) is requested for attorneys' fees pursuant to a contingent fee arrangement. (*See* Pet. for Leave to Settle ¶ 11.) "[C]ourts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). However, "[r]egardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *J.N. v. Penn-Delco Sch. Dist.*, No. 14-1618, 2017 WL 395481, at *4 (E.D. Pa. Jan. 30, 2017). Where the attorneys' fees affect the minor's ultimate award, the Court has "an affirmative duty to be more than a passive, *pro forma* rubber stamp." *Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (citation and internal quotation omitted). Courts maintain discretion to "adjust the amount of counsel fees to be subtracted from a settlement involving a minor even when a contingency arrangement is in place." *Lee*, 2012 WL 628015, at *3.

Under Pennsylvania law, courts engage in a two-step analysis to assess the reasonableness of counsel fees in a settlement involving a minor. *Nice*, 98 F. Supp. 2d at 670. First, they consider "whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims. Second, if so, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances." *Id.* The following factors are relevant to counsel's performance:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question [sic].

*Gilmore*, 582 A.2d at 1109–10 (quoting *In re LaRocca's Trust Estate*, 246 A.2d 337 (Pa. 1968)).

A.M. lives in Philadelphia County. (*Id.* at ¶ 3.) The Philadelphia County Court of Common Pleas has adopted a presumptive lodestar of one-third of the net fund recovered. Phila. Cnty. Ct. Comm. Pls. Local R. 2039(F). Counsel has practiced law for over twenty-seven years and worked on this case for more than three. *See* (ECF 30-4). Work performed included consulting with experts, reviewing medical records and preparing for and attending mediation. (*Id.*) In addition, Counsel filed this case in state court and prepared the Complaint, two amended complaints, and the Petition for Leave to Settle or Compromise a Minor's Action. (ECF 1; 7; 10; 30.) The case was relatively difficult to litigate in that it involved multiple defendants, third party

5

complaints, cross-claims and jurisdictional hurdles. *See generally* (Pet. for Leave to Settle; Answer to Third Party Complaint, ECF 22; Notice of Removal, ECF 1).

The requested fee award is fair. Counsel's negotiated contingent fee is below Philadelphia County's presumptive lodestar and is appropriate based on the work performed.

D

Counsel's itemized costs of $7,734.05 are reasonable given the amount of discovery in this case. It is also reasonable to take the $5,143.62 Department of Human Services lien out of the settlement funds.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.